ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Sweet Star Logistic Service | )      ASBCA No. 62082 |
| | ) |
| Under Contract No. W91B4N-18-P-5056 | ) |

APPEARANCE FOR THE APPELLANT:    Ms. Sweeta Rahimi
    President

APPEARANCES FOR THE GOVERNMENT:    Scott N. Flesch, Esq.
    Army Chief Trial Attorney
    LTC Stephen M. Hernandez, JA
    Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD ON THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of subject matter jurisdiction, alleging that appellant failed to submit a certified claim in accordance with the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. However, because we find that appellant's purported claim lacked a sum certain, we dismiss this appeal for lack of jurisdiction.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On September 4, 2018, the United States Army (government) awarded Contract No. W91B4N-18-P-5056 (contract) to Sweet Star Logistic Service (Sweet Star or appellant) for the delivery of information technology equipment and cable supplies at a total contract price of 14,051,489.13 AFN ($203,644.77) (R4, tab 1 at 1, 3).

2. By email dated September 13, 2018, the government reiterated to Sweet Star that in accordance with FedBid terms (*see* R4, tab 4), appellant was to be paid in local Afghanistan currency (AFN) (R4, tab 12 at 1).

3. By email dated October 31, 2018, subsequent to delivery and inspection of the contract items, the government notified appellant that some of the items were missing, damaged, and non-conforming to the contract specifications (R4, tab 29 at 1).

4. By email dated December 7, 2018, the contracting officer (CO) informed appellant it was not responsible for items that came up missing due to the fact a

government representative attested that all items were accounted for upon delivery (R4, tab 58 at 1).

5. On December 10, 2018, the government issued a purported bilateral contract modification,[1] changing the unit price of contract line item number 0001 (CLIN 0001). CLIN 0001 was changed from 12,985,439.13 AFN ($188,194.77) to 5,795,103.69 ($83,987.01) (a decrease of 7,190,335.44 AFN ($104,207.76)). The purpose of the modification was to "deobligate the funding that represent[ed] the total for the items that were returned to the customer." (R4, tab 60 at 1)

6. By email dated January 11, 2019, the government notified appellant it had until January 24, 2019 to collect all non-conforming contract items, as the government would not be delivering said items to appellant. The government informed appellant that after January 24, 2019, any non-conforming items that had not yet been collected would be considered "abandoned," leaving the government to dispose of the items in accordance with agency procedures. (R4, tab 74 at 1)

7. At the conclusion of the January 24, 2019 deadline, appellant failed to collect its non-conforming contract items (*see* R4, tab 80 at 1).

8. By email dated March 25, 2019, appellant submitted to the CO a request for payment stating the following:

> Hope you Doing well, [sic] I am Contacting you concerning the Contract Number W91B4N18P5056 Lifted Materials, as you know [sic] We have received about 45% Payment of the subject Contract but our 55% Materials are with your customer which they have not return [sic] the materials [sic] Please computerize with us when you will going to pay for the materials your customer keep it there [sic]
>
> Please Finalize your decision concerning that materials if Gov [sic] will not pay for it why they keep those materials we are going to Apply for Appeal in Armed Service Board of Appeal (ASBCA)
>
> [T]his is our Final Notice to going for Appeal after that we hope the [B]oard get the right Decision of this.

---

[1] The contract modification was only signed by the government. The record before the Board does not provide a December 10, 2018 contract modification signed by both the government and appellant.

2

The request for payment did not include a sum certain, nor did the request contain the claim certification set forth at 41 U.S.C. § 7103(b)(1). (R4, tab 90 at 1)

9. The government considered appellant's March 25, 2019 email to be a claim for the amount by which the contract was reduced, or $104,207.76. By email dated May 16, 2019, the government instructed appellant to certify its purported claim, as it exceeded $100,000. (R4, tab 92) Notwithstanding the government's assumption as to amount, we are not persuaded that the claim included a sum certain.

10. By email dated May 18, 2019, the CO issued a final decision denying appellant's purported claim in part. The CO accepted 29,849.40 AFN ($432.60) of appellant's purported claim, and denied the remaining balance of 7,160,486.04 ($103,775.16). (R4, tab 93 at 1, 3, 5)

11. By email dated May 23, 2019, appellant timely filed a notice of appeal to the Board, which the Board docketed as ASBCA No. 62082.

<u>DECISION</u>

Appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Naseem Al-Oula Co.*, ASBCA No. 61321 *et al.*, 20-1 BCA ¶ 37,490 at 182,148 (citation omitted). Under the CDA, the Board's jurisdiction is predicated upon a contractor's submission of a claim to the CO for decision. *See* 41 U.S.C. § 7103(a)(1). The CDA does not define what a claim is; however, the Federal Acquisition Regulation (FAR) defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101. For any contractor claim that exceeds $100,000, the contractor must certify that:

    a) the claim is made in good faith;

    b) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;

    c) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and

3

d) the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b)(1). A purported contractor claim in excess of $100,000 does not become a claim under the CDA until it is certified as required by statute. FAR 2.101. "[W]here there is no claim there can be no effective decision from which to appeal." *Mawaraa AlBihar Co.*, ASBCA No. 58585, 13 BCA ¶ 35,426 at 173,783.

The government moves to dismiss this appeal, contending that the Board lacks jurisdiction over appellant's purported claim, which the government asserts exceeded $100,000, and was not certified in accordance with the CDA (gov't mot. at 1). Appellant's response focuses on the merits of the appeal, failing to address the jurisdictional issues (app. resp.). We have found that appellant's request for payment did not include a claim certification (SOF ¶¶ 8-9). However, because we conclude that appellant's purported claim did not include a sum certain, and therefore, was not a valid claim, we need not address the issue of a lack of a claim certification.

It is well settled, for the purposes of the Board's jurisdiction, a contractor's monetary claim must be submitted to the CO in a sum certain. *Equine Architectural Products, Inc.*, ASBCA No. 59743, 15-1 BCA ¶ 36,004 at 175,873 (citation omitted). This Board views a claim is set forth in a sum certain whenever the contractor has submitted in writing to the CO "'a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim.'" *Precision Standard, Inc.*, ASBCA No. 55865, 11-1 BCA ¶ 34,669 at 170,788 (quoting *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987)). In an appeal where the gravamen of the claim is money, a contractor cannot avoid the requirement for a sum certain. *Eaton Contract Services, Inc.*, ASBCA No. 52888 *et al.*, 02-2 BCA ¶ 32,023 at 158,268 (citation omitted).

In appellant's March 25, 2019 purported claim, it states it has received about forty-five percent payment, but that fifty-five percent of its materials remain with the government. There is no mentioning of a dollar amount requested anywhere in appellant's March 25, 2019 purported claim. (SOF ¶ 8) Similarly, in *Equine*, appellant submitted a purported claim for the return of materials and equipment, failing to provide a sum certain. *See Equine*, 15-1 BCA ¶ 36,004 at 175,872. Appellant failed to describe its monetary claim "with such particularity as to enable the CO to easily compute a sum certain." *Id.* at 175,873. The Board concluded it was without jurisdiction.

Here, appellant's purported claim is ambiguous, unclear, and gives the CO inadequate notice of the basis and amount of the claim. Without providing a sum certain that is readily calculable by simple arithmetic, *see PHI Applied Physical Sciences, Inc.*, ASBCA Nos. 56581, 58038, 13 BCA ¶ 35,308, there is no claim over which the Board has jurisdiction. Jurisdiction is a matter over which the Board lacks discretion, as

jurisdiction is a concept that is absolute; it either exists or it does not exist. *Eaton*, 02-2 BCA ¶ 32,023 at 158,266 (citation omitted). Without a proper sum certain in appellant's request to the CO, we conclude that there is no claim. Accordingly, the Board is devoid of jurisdiction.[2]

### CONCLUSION

For the reasons set forth above, this appeal is dismissed for lack of jurisdiction.

Dated: September 30, 2020

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62082, Appeal of Sweet Star Logistic Service, rendered in conformance with the Board's Charter.

Dated: September 30, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

---

[2] Should appellant chooses to resubmit its claim it must make sure it is in a sum certain and if it exceeds $100,000 it must be certified as set forth in this opinion.

5